IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GAIL PHILLIPS,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a corporation; THE NUNES COMPANY, INC.,<br>a corporation; TAYLOR FARMS CALIFORNIA, INC., a corporation; and JOHN DOES 1-8,<br><br>Defendants. | CV 13–53–BU–JCL<br><br>ORDER |

This products liability and negligence action comes before the Court on Defendant The Nunes Company's ("Nunes") motion for summary judgment, and Plaintiff Gail Phillips' ("Phillips") request for relief pursuant to Federal Rule of Civil Procedure 56(d). For the reasons set forth below, Phillips' request for Rule 56(d) relief is denied, and Nunes' motion for summary judgment is granted.

I.  **Background**

On March 11, 2013, Phillips was allegedly injured while preparing sandwiches in the deli department of the Wal-Mart in Bozeman, Montana, when her hand was punctured by a foreign object in bag of lettuce. Phillips returned the

bag of lettuce to the cooler, and it was subsequently disposed of. Because the bag of lettuce was not preserved, it has not been subject to inspection by any of the parties.

In response to discovery requests asking her to describe the bag and the lettuce, however, Phillips has answered that she "used prewashed, Romaine leaf lettuce that [she] got from the deli cooler. It was packaged in a sealed plastic bag." (Doc. 32-1, at 5). Phillips elaborated as follows in a supplemental answer:

> This was loose, leaf lettuce. It came in a clear, unmarked plastic bag. The bag was heat sealed and roughly 12" by 8" in size. I used a knife from the deli to open the bag. I made 12" submarine sandwiches with the lettuce and other ingredients. The lettuce was not modified from the form it was packaged in to make the sandwiches.

(Doc. 32-4, at 2).

Based on their own initial investigation, Phillips' counsel identified Taylor Farms California, Inc. as the lettuce distributor. In May 2013, an individual who was handling Wal-Mart's subrogation claim against Phillips indicated in response to an inquiry from Phillips' counsel that Nunes was a Wal-Mart produce supplier and provided a Universal Product Code ("UPC") number.[1] (Doc. 35-5, at 1)

---

[1] This Court has previously recognized that "[u]nauthenticated documents cannot be considered in a motion for summary judgment." *Sullivant v. Spectrum Medical Servs.*, 2013 WL 265992 *5 (D. Mont. Jan. 23, 2013). Nunes points out that the claim notes referencing this exchange between Phillips' counsel and the Wal-Mart claims handling representative have not been properly authenticated.

In June 2013, Phillips commenced this action against Nunes in state court, alleging that Nunes produced the contaminated bag of lettuce and sold it to Wal-Mart. Nunes later removed the case to this Court based on diversity jurisdiction, and Phillips has since amended her complaint to add Walmart, Inc. and Taylor Farms as defendants. Phillips brings a claim for products liability against Nunes and Taylor Farms, alleging that one of them manufactured and supplied the defective bag of lettuce to Walmart. Phillips also asserts a negligence claim against Taylor Farms, and a spoliation claim against Walmart for allegedly destroying the bag of lettuce.

Nunes moves for summary judgment on the ground that Phillips cannot make out a prima facie claim of products liability.[2]

## II. **<u>Summary Judgment Standards</u>**

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary

---

As discussed below, however, Nunes is entitled to summary judgment even considering this unauthenticated evidence.

[2] Phillips filed her Third Amended Complaint on January 27, 2014, several weeks after Nunes filed its motion for summary judgment. Because the products liability claim alleged against Nunes in the Third Amended Complaint is substantively the same as that alleged in the Second Amended Complaint (Doc. 25), the Court will construe Nunes' summary judgment motion as relating to the newly amended pleading.

judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

Where, as here, the moving party does not bear the ultimate burden of persuasion at trial, it "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry its burden of production, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry it ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102. The moving party may carry its burden of persuasion by showing "that there is no genuine issue of material fact." *Nissan*, 201 F.d at 1102; see also *Sluimer v. Verity, Inc.,* 606 F.3d 584, 586 (9th Cir. 2010) ("The moving party need only point out to the Court that there is an absence of evidence to support the non-moving

party's case.").

Once the moving party has satisfied its initial burden with a properly supported motion, summary judgment is appropriate unless the non-moving party designates by affidavits, depositions, answers to interrogatories or admissions on file "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. 317, 324 (1986). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials" of the pleadings. *Anderson. v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

## III. Discussion

Nunes argues that Phillips' products liability claim should be summarily dismissed because she cannot establish that Nunes manufactured and sold the bag of lettuce. Even if she could, Nunes argues Phillips' claim would nonetheless fail as a matter of law because the undisputed evidence establishes that the bag of lettuce was substantially modified by the time of her injury.

The Montana Supreme Court has adopted the theory of strict products liability set forth in Restatement (Second) of Torts § 402A.[3] *Patch v. Hillerich & Bradsby Co.*, 257 P.3d 383, 387 (Mont. 2011). Section 402A is codified at Mont. Code Ann. § 27-1-719, which provides in relevant part:

> (2) A person who sells a product in a defective condition unreasonably dangerous to a user or consumer...is liable for physical harm thereby caused to the ultimate user or consumer... if:
>
> (a) the seller is engaged in the business of selling the product; and
>
> (b) the product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

The Montana Supreme Court has interpreted this statute as requiring that a plaintiff prove the following elements to establish a prima facie claim of strict product liability: "(1) The product was in a defective condition, 'unreasonably' dangerous to the user or consumer; (2) The defect caused the accident and injuries complained of; and (3) The defect is traceable to the defendant." *Wood v. Old Trapper Taxi*, 952 P.2d 1375, 1379 (Mont. 1997) (quoting *Brown v. North Am. Mfg. Co.*, 576 P.2d 711, 717 (Mont. 1978)).

Nunes argues that Phillips cannot prevail on her products liability claim

---

[3] Sitting in diversity jurisdiction, this Court applies the substantive law of Montana as the forum state. *See Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

because she has no evidence that it manufactured and sold the allegedly defective bag of lettuce. Phillips has described the lettuce she was using at the time of her injury as "prewashed, Romaine leaf lettuce" that "was packaged in a sealed plastic bag." (Doc. 32-1, at 5). She recalls that "[t]his was loose, leaf lettuce" from "a clear, unmarked plastic bag," which "was heat sealed and roughly 12" by 8" in size." (Doc. 32-4, at 2).

Nunes has sustained its prima facie burden under Rule 56 by coming forward with evidence that it did not sell lettuce fitting this description. Mark Crossgrove, the Vice President of Sales for Nunes, states in a supporting affidavit that Nunes does not sell any Romaine lettuce product matching Phillips' description. (Doc. 32-5, ¶ 5). As to the lettuce itself, Crossgrove explains that Nunes does not sell prewashed Romaine lettuce, and "[a]ll bags of Romaine lettuce state clearly 'Wash Before Using.'" (Doc. 32-5, ¶ 6). Crossgrove also states that Nunes does not sell any Romaine lettuce product that is "chopped or separated from the stalk" and "only sells whole head Romaine lettuce with the stalk still attached." (Doc. 32-5, ¶ 7). With respect to packaging, Crossgrove indicates that Nunes "does not sell any Romaine product in a clear plastic bag without name branding." (Doc. 32-5, ¶ 8). Each bag produced by Nunes "clearly and prominently displays the Foxy name, Foxy logo, and the type of lettuce the

bag contains." (Doc. 32-5, ¶ 8).

Nunes' packaging manager, Susan Canales, addresses the UPC code Wal-Mart's representative apparently provided to Phillips' counsel. (Doc. 32-3). As Canales explains it, Nunes uses two types of UPC bar codes – company specific and generic. (Doc. 32-3, ¶ 4). Nunes' company-specific UPC number is 73574. (Doc. 32-3, ¶ 5). Wal-Mart provided Phillips counsel with UPC number 33383 65101, which Canales describes as a generic produce code for "conventional Romaine lettuce" that does not identify the particular producer. (Doc. 32-3, ¶¶ 7, 9-11). According to Crossgrove, Nunes packaged all of its conventional Romaine lettuce during the relevant time frame in cellophane bags with blue bottoms and a picture of the "Foxy" brand fox directly above the word "Foxy" in red letters. (Doc. 32-5, ¶ 9). Crossgrove also describes those bags as being closed with tape, rather than sealed "either through the use of heat-sealing or otherwise." (Doc. 32-5, ¶ 10).

This affidavit evidence constitutes prima facie proof that the clear, heat-sealed bag of loose leaf prewashed Romaine lettuce Phillips has described as the cause of her injuries was not produced by Nunes.

Phillips nonetheless argues there is a genuine issue of material fact as to whether Nunes produced the bag of the lettuce based on a declaration by Sean

Hornof, the Bozeman Wal-Mart shift manager. Phillips claims "Hornof represents through [his] declaration that Nunes appears to have produced the subject lettuce." (Doc. 37, at 5). But Phillips misreads Hornof's statement.

Hornof explains that at the time of Phillips' alleged injury, the Wal-Mart deli was using lettuce supplied by Taylor Farms specifically for the deli. But if the deli ran out of Taylor Farms lettuce it would have used lettuce sold in the produce section of the store. (Doc. 35-14, ¶ 3). When that happens, a Merchandise Transfer is completed within the next few days to reflect the transfer of lettuce from the produce section to the deli. (Doc. 35-14, ¶ 4). A Merchandise Transfer dated March 12, 2013 – the day after Phillips' accident – documents that 16 units of Romaine lettuce was transferred from the store's produce section to the deli. (Doc. 35-14, at 4). At that time, the Romaine lettuce in the produce department was supplied by Nunes. (Doc. 35-14, ¶ 5).

Hornof thus states that "at the time of Ms. Phillips accident there appears to have been Romaine lettuce from the Nunes company in use in the Delicatessen." (Doc. 35-14, ¶ 5). In closing, however, Hornof says based on Phillips' description of the packaging he "would state that the lettuce she was utilizing at the time of her injury would have been the delicatessen lettuce," which was produced by Taylor Farms, "and not the produce section lettuce" produced by Nunes. (Doc.

35-14, ¶¶ 6-7).

Hornof's declaration is consistent with the affidavit testimony provided by Crossgrove and Canales, which demonstrate that Nunes does not manufacture or sell a product fitting Phillips' own description of product she was using at the time of her accident. Because the undisputed evidence thus establishes that Nunes did not manufacture or sell the allegedly defective product, Phillips' products liability claim fails as a matter of law.

Phillips argues she should be given additional time to conduct discovery so that she can effectively respond to Nunes' summary judgment motion. Phillips has thus filed an affidavit pursuant to Fed. R. Civ. P. 56(d) in conjunction with her summary judgment response brief, requesting additional time to conduct discovery and an extension of the summary judgment briefing deadlines.

A party seeking relief under Rule 56(d) must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Finance Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). If the moving party does not comply with these requirements, the court may deny discovery and proceed to summary judgment. *Family Home*, 525 F.3d at 827.

Phillips maintains that additional discovery is necessary "[i]n order to determine whether the lettuce at issue was, in fact, supplied by Nunes and whether any modification of Nunes' lettuce created the dangerous condition that caused" her injury. (Doc. 36, ¶ 16). Phillips explains that for a variety of reasons she has not yet been able to depose Wal-Mart's Rule 30(b)(6) representative, and argues in general terms that such a deposition would "demonstrate whether Nunes is entitled to summary judgment." (Doc. 36, ¶ 16).

But Phillips does not identify what specific facts she hopes to elicit from Wal-Mart or make any showing that those facts exist. As evidenced by her Rule 30(b)(6) deposition notice, Phillips anticipates deposing a Wal-Mart representative about Wal-Mart's investigation into the incident, the disposal of the bag of lettuce, and the identity of the manufacturer, producer, and/or supplier of the lettuce. (Doc. 36-8, at 2). Of those three topics, only the third is potentially relevant to Nunes' summary judgment motion.

Although Phillips has yet to depose Wal-Mart's representative, Wal-Mart has provided Hornof's declaration. As discussed above, Hornof's declaration and Crossgrove's affidavit make clear that Nunes did not manufacture or sell the bag of lettuce Phillips has described using when she was injured. Significantly, Phillips does not argue that the express description of the subject bag of lettuce

she has thus far provided may have been inaccurate, or otherwise question her own recollection as to the type of lettuce she was using or its packaging. The undisputed evidence establishes that the bag of lettuce described by Phillips was not manufactured or sold by Nunes. It is not clear what additional facts Phillips hopes to discover by deposing a Wal-Mart representative that are not already set forth in Hornof's declaration.

Phillips also requests additional time to review Nunes' responses to her first set of discovery requests. As Nunes points out in response, however, Phillips did not serve her discovery requests until December 2013 – approximately five months after having been put on notice of Nunes' affirmative defense that another party was responsible for her alleged injuries. (Doc. 4; 46-1). Nunes timely answered those discovery requests on January 16, 2014 (Doc. 46-2), and Phillips apparently received them on January 17, 2014 – the day her summary judgment response brief was due. (Doc. 36, ¶ 17). While Phillips may not have had the chance to adequately review those responses before filing her response brief, she has by now had ample time to do so. But Phillips has not moved for leave to file an additional brief explaining what specific facts, if any, she might hope to uncover if she were allowed to conduct additional discovery as to Nunes. *See* Local Rule 7.1(d)(1)(D).

Because Phillips has not identified the specific facts she hopes to elicit or established that those facts exist, she has not shown that she is entitled to relief under Rule 56(d). The undisputed evidence before the Court thus establishes that the bag of lettuce allegedly causing Phillips' injury was not manufactured or sold by Nunes.[4] Because Phillips cannot establish the necessary elements of her products liability claim, Nunes is entitled to summary judgment.[5]

## IV. Conclusion

For the reasons set forth above,

IT IS ORDERED that Nunes' motion for summary judgment is GRANTED, and Plaintiff's request for relief under Fed. R. Civ. P. 56(d) is DENIED.

DATED this 3rd day of March, 2014

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge

---

[4] Having so concluded, the Court need not address Nunes' argument that the bag of lettuce had been substantially modified by the time it reached Phillips.

[5] In the event discovery from Wal-Mart reveals material facts that create a genuine issue as to whether Nunes manufactured or distributed the subject bag of lettuce, Phillips may seek reconsideration of this order under L.R. 7.3(b)(2).